UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-98-FDW

| | |
|---|---|
| ROBERT LAMAR MCFADDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| JULIE JENKINS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A.

**I.     BACKGROUND**

Pro se Plaintiff Robert Lamar McFadden is a North Carolina prisoner currently incarcerated at Marion Correctional Institution in Marion, North Carolina. Plaintiff filed this action on April 5, 2017, pursuant to 42 U.S.C. § 1983, naming the following persons as Defendants: (1) Julie Jenkins, identified as the head of the "RDU Program C Rehabilitation Department Unit" at Marion; (2) FNU Watkins, identified as the Assistant Superintendent at Marion; (3) Davis Cothron, identified as an "Assistant over RDU C Rehabilitation Department Unit"; and (4) FNU Swink, identified as the Director of Programs at Marion. Plaintiff purports to bring a claim against Defendants for a violation of Plaintiff's Eighth Amendment right under the U.S. Constitution not to be subjected to cruel and unusual punishment based on conditions of confinement in the prison. In support of his claim, Plaintiff alleges the following facts:

> This grievance is on inmates' right to decent conditions in prison. I have
> sent Ms. Jenkins, Mr. Watkins, Mr. Cothran, Mr. Swink request forms informing

1

them that the present canteen list is depriving inmates of a "basic human need."
Which is violation to inmates Eighth Amendment. The present canteen list only
allow RDU inmates to purchase stamps, oil and shower shoes. We cannot
purchase dental floss, finger nail clippers, soap and other important hygiene items.
If we do not floss at least 2 to 3 times a day or if we don't floss at all decay could
build up and cause gum cancer meaning loss of teeth. I went to the dentist on
2/14/17 at 12:27 pm and was told by the dentist and doctor that I had a lot of
decay build up to be young for not using dental floss. By inmates being in RDU
we are considered in the computer regular population meaning we should be able
to purchase these items that we are entitled to. I am no longer on RHCP (control
status) so why am I receiving a control status hygiene kit once a month if I am in
RDU regular population. Am I being punished for being a non-participant of
RDU.

On 2-19-17, 2-21-17, 3-8-17, 3-15-17, and 3-19-17, I have sent multiple
notice[s] and inmate request forms stating that inmates have a right to decent
conditions in prison. On 3-15-17 I have sent letters to Julie Jenkins, Mr. Watkins,
Mr. Cothran, Mr. Swink, Mr. Hamilton, Mr. Corpening, Capt. Faircloth,
informing them that the way inmates are being treated while housed in the RDU
program (Rehabilitation Department Unit) is violating inmates' constitutional
rights. I have asked Ms. Jenkins who is over the RDU program to please respond
and show any proof that Raleigh signed off on the canteen list that they are
forcing inmates who are housed in RDU program to use. I have wrote a grievance
but feel like there is a lot or corrupt/conspiracy going on at Marion Correctional
Institution. Due to Ms. Swink answering my Step One response when he is
involved in my grievance and should not have any dealings with answering my
grievance. I received two answered response from all the inmate request forms I
sent out prior to the filing of the lawsuit. (one) from Mr. Watkins Asst.
Superintendent of Marion Corr. Inst. stating that the canteen items have been
approved per RDU guidelines. (one) from Capt. Faircloth—Internal Affairs—at
Marion Correctional Inst. stating that per Marion CI policy and procedure per
RDU the facility provides inmates a hygiene kit a month. I have spoke to several
of Marion Administration stating that if inmates are housed in the computer as
regular population why are we being treated as if we are on control status/long-
term. I feel like inmates are housed in the non-participant block of RDU are
being punished for being non-participants.

(Doc. No. 1 at 3-4). Plaintiff seeks compensatory damages as well as numerous forms of

injunctive and declaratory relief. (Id. at 4).

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint

to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious

2

[or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also generally allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

The Court will dismiss this action for failure to state a claim. Here, even taking

3

Plaintiff's allegations as true, the Court finds that Plaintiff has not alleged a cognizable claim for an Eighth Amendment violation.  At most, Plaintiff alleges that inmates who are in the Rehabilitative Diversion Unit (referred to as "the RDU program") at Marion are deprived of certain hygiene items that the general population at Marion is allowed to receive.[1]  Plaintiff alleges specifically that he has himself suffered from tooth decay because he is not allowed to use dental floss.  Plaintiff's alleged facts simply do not give rise to an extreme deprivation denying Plaintiff the minimal civilized measure of life's necessities sufficient to state a claim for an Eighth Amendment violation.  Accord Jones v. Barrett, No. 2:14-cv-00303-GMN, 2014 WL 1340770, at *4 (D. Nev. Apr. 2, 2014) (stating that "[d]epriving an inmate of free dental floss does not constitute cruel and unusual punishment").  For the reasons stated herein, the Court finds that Plaintiff has failed to state an Eighth Amendment claim against Defendants and this action will therefore be dismissed.

IV.     **CONCLUSION**

For the reasons stated herein, Plaintiff's Eighth Amendment claim is dismissed for failure to state a claim.

---

[1]  This court takes judicial notice that the RDU program was created as a part of NCDPS's recent policy reforms regarding restrictive housing in the North Carolina prisons.  See Wilcox, Digard, & Vanko, The Safe Alternatives to Segregation Initiative: Findings and Recommendations for the North Carolina Department of Public Safety, at p. 3 (Vera Institute of Justice, Dec. 2016) ("hereinafter "Wilcox Report"), *available at* https://www.ncdps.gov/safe-alternatives-segregation-report.[1]  The RDU program was "designed to help people transition from Control to regular population through the provision of targeted behavioral programming and increasing privileges, congregate activity, and out-of-cell time."  (Id.).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim.

2. The Clerk is directed to terminate this action.

Signed: September 29, 2017

Frank D. Whitney
Chief United States District Judge